**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1316
_____

ANDRE D. BUTLER,
                              Appellant

v.

LIBERTY MUTUAL;
*LIBERTY LIFE ASSURANCE CO. OF BOSTON
*(Amended in accordance with the Clerk's Order dated 3/23/16)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-04138)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit Judges</u>

(Opinion filed: June 16, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Andre D. Butler appeals pro se from an order of the District Court dismissing his third amended complaint, which was brought against Appellees Liberty Mutual and Liberty Life Assurance Company of Boston. For the reasons that follow, we will affirm the District Court's judgment.

On June 8, 2011, Butler allegedly suffered an injury at work as an employee of Home Depot U.S.A., Inc. He applied for short term disability benefits under a disability-insurance policy with Liberty Life Assurance Company of Boston ("Liberty Life") that Home Depot sponsored. Butler received short term disability benefits through September 27, 2011, after which Liberty Life determined that Butler was no longer eligible. Butler also engaged in a parallel effort to receive workers' compensation benefits, which ultimately failed after his suit challenging the denial of workers' compensation benefits was dismissed in the District Court on July 23, 2015. Butler then brought the action at issue here challenging the denial of his claim for disability benefits under the disability-insurance policy that Home Depot sponsored.

Butler's complaint alleged breach of contract and fraud claims, and named "Liberty Mutual" as a defendant. After two pre-service amendments, a second amended complaint was served, with counsel appearing on behalf of an entity listed as Liberty Mutual Insurance Company. Liberty Mutual moved to dismiss the second amended complaint, arguing (among other things) that it was not a proper party because Liberty Life had made the benefits-denial determination, and because the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, preempted state-law claims like

2

those that Butler had asserted.  Thereafter, Butler filed a third amended complaint in order to name Liberty Life as a party, then moved separately to add a conspiracy count. Liberty Mutual moved to dismiss the third amended complaint.  The District Court dismissed the complaint with prejudice, and denied leave to add the conspiracy count as futile.  This appeal followed.

We have jurisdiction to review the District Court's order dismissing Butler's complaint under 28 U.S.C. § 1291.  We exercise plenary review over a district court's decision to grant a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).  Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012).  We construe Butler's pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and may affirm the judgment on any basis that the record supports, Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).  "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We will affirm.  The District Court correctly determined that ERISA preempts Butler's contract and fraud claims, which arise under state law.  ERISA provides a uniform regulatory regime over employee benefit plans.  Aetna Health Inc. v. Davila, 542

U.S. 200, 208 (2004). "To this end, ERISA includes expansive pre-emption provisions, see 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." Id. On the face of Butler's complaint, which includes copies of various policy documents from the disability-insurance plan, state-law claims like the contract and fraud claims that Butler has brought in his complaint fall within the scope of ERISA preemption because they "relate" to an ERISA-governed benefits plan. See Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 294-96 (3d Cir. 2014); Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989). Consequently, the District Court did not err when it dismissed Butler's complaint on preemption grounds.

Furthermore, pleading more factual support for Butler's state-law contract and fraud claims would not change the above preemption analysis. We are satisfied that any additional potential amendment to those claims—which Butler did not request—would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Relatedly, we agree with the District Court's conclusion that Butler's request to again amend his complaint and add a new conspiracy count was futile because Butler never plausibly pleaded the elements of conspiracy. We will thus affirm the District Court's judgment dismissing Butler's case with prejudice.[1]

---

[1] Butler appears to argue for the first time on appeal that the District Court should not have dismissed his claims with prejudice because he could have brought non-preempted claims. In particular, Butler's brief on appeal suggests that even if his complaint alleged only ERISA-preempted claims, he should have been permitted to pursue a civil action pursuant to ERISA § 502(a). That argument is not well-taken. After Liberty Mutual raised preemption in its motion to dismiss Butler's second amended complaint, Butler filed a third amended complaint that did not cure the preemption issues or seek to assert a potentially non-preempted ERISA § 502(a) action. Butler then sought

Finally, we dismiss Butler's motion to strike the appearance of counsel as moot.[2]

leave to further amend his complaint to add a conspiracy count, but once again did not seek to raise a claim pursuant to ERISA § 502(a). In light of these events, no "exceptional circumstances" lie here that would make it appropriate for us to consider this point for the first time on appeal. See In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 261 (3d Cir. 2009). Moreover, Butler has not adequately explained how he could plausibly allege a civil claim under ERISA § 502(a) based on the facts he has presented concerning the denial of disability benefits under the plan.

[2] We observe additionally that Butler states that the Appellees filed a supplemental appendix that contains documents that are duplicative of materials in the supplemental appendix that Butler filed. Should the Appellees seek to file a Bill of Costs in this case, they are cautioned to seek only the minimum necessary and non-duplicative costs for the filing of their brief and supplemental appendix. See Third Circuit LAR 39.3.